UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 16-cv-60523

MORTON LUCOFF,

    Plaintiff,

vs.

GC SERVICES, L.P.

    Defendant.
_____/

COMPLAINT
JURY DEMAND

    1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

JURISDICTION AND VENUE

    2.    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

    3.    Plaintiff, MORTON LUCOFF, is a natural person who resides in Broward County, Florida.

    4.    Defendant, GC SERVICES LIMITED PARTNERSHIP, is a business entity with its principal place of business at 6330 Gulfton, Houston, Texas 77081.

    5.    Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

    6.    Defendant regularly collects or attempts to collect debts for other parties. It is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

7. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes.

8. Defendant left the following message on Plaintiff's son's cellular voice mail on or about the date stated:

March 10, 2016
Hi, this message is for Morton Lucoff.  This is Chanelle Buschbacher.  Please return the call at 866-437-1963, ext. 6091 Thank you.

9. Based upon information and belief, Defendant left similar or identical messages on other occasions within one year of the filing of this complaint.  (Collectively, "the telephone messages.")

10. The messages are "communications" as defined by 15 U.S.C. §1692a(2).

11. Defendant failed to inform Plaintiff in the messages that the communications were from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

## COUNT I - FAILED TO DISCLOSE STATUS AS DEBT COLLECTOR

12. Plaintiff incorporates paragraphs 1 through 11.

13. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11).  See Foti v. NCO Fin. Sys., 424 F.Supp. 2d 643, 646 (S.D.N.Y. 2006); Bellin v. Litton Loan Servicing, 2006 U.S. Dist LEXIS 47953 (M.D. Fla. 2006); and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. Lexis 67719 (S.D. N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems just and proper.

## COUNT II - FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

14. Plaintiff incorporates paragraphs 1 through 11.

15. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C. §1692d(6). See Wright v. Credit Bureau of Georgia, Inc., 548 F.Supp. 591, 593 (N. D. Ga. 1982); Hosseinzadeh v. M.R.S. Assocs., 387 F.Supp. 2d 1104 (C.D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems just and proper.

## COUNT III - DISCLOSURE TO THIRD PARTY

16. Plaintiff incorporates paragraphs 1 through 11.

17. Defendant placed telephone calls to Plaintiff but left the messages on a voice mail that did not belong to the Plaintiff.

18. This caused the messages to be heard by someone other than the Plaintiff in violation of 15 U.S.C. §1692(c)(b).  <u>Leyse v. Corporate Collection Servs.</u>, 2006 U.S. Dist. Lexis 67719 (S.D. N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems just and proper.

<u>JURY DEMAND</u>

Plaintiff demands trial by jury.

Dated this   15th   day of March, 2016.

                                                  JDL Law, P.A.
                                                Attorney for Plaintiff
                                                P.O. Box 277534
                                                Miramar, FL 33027-7534
                                                Tel:    954-5620907
                                                Jdllaw@comcast.net

                                                  /s/ Joel D. Lucoff
                                                Joel D. Lucoff
                                                Fla. Bar No. 192163